UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL TOUSSAINT                          CIVIL ACTION

VERSUS                                    NO: 03-3481

CHEVRON PHILLIPS CHEMICAL                 SECTION: "J" (5)
COMPANY, LLC, ET AL.

### ORDER AND REASONS

Before the Court is Chevron's[1] Motion for Summary Judgment.
(Doc. 25.) The motion is opposed. (Doc. 33.) The Court has
reviewed the record evidence and the memoranda of counsel. For
the following reasons the Court finds that Chevron's Motion
should be GRANTED.

### FACTUAL BACKGROUND

Darryl Toussaint sued Chevron and others based on personal
injuries he sustained in an accident on December 30, 2002. At the
time of the accident, Toussaint was employed by Phillips Service
Company ("PSC") and assigned to work on a gas production platform
owned by Chevron located in the Gulf of Mexico roughly six miles
off the coast of Louisiana. PSC is in the business of providing a

---

[1] "Chevron" refers to all parties remaining in this action,
to wit, Chevron Phillips Chemical Company, LLC, Chevron Phillips
Chemical, LP, and Chevron U.S.A., Inc.

variety of services, including contract labor, to companies involved in the offshore production of oil and gas. Some time prior to the accident, PSC had entered into a contract with Chevron for the cleaning of a "chemelectric heater" unit ("heater unit") located on the gas production platform.

The night of the accident Toussaint was a middleman in a bucket brigade removing oily debris from the heater unit. A coworker inside the unit would hand a full bucket to Toussaint. He would ascend the ladder and hand the bucket off to another coworker outside the heater unit. At around 3 a.m., after two dozen such trips with the oily bucket, Toussaint fell off the ladder and injured his head and neck.

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## THE PARTIES' ARGUMENTS

Chevron initially premised its motion on the fact that the fixed platform upon which Toussaint was injured is not a vessel for purposes of the Jones Act, the Longshore and Harbor Worker's Compensation Act ("LHWCA"), or general maritime law. Therefore Toussaint cannot recover as a matter of law on the vessel-based claims in his complaint. Toussaint filed an opposition to Chevron's motion that acknowledges that the platform is not a vessel. Toussaint argues that, even though his vessel-based claims must fail, the facts alleged in the complaint and obtained through discovery were nevertheless sufficient to support a claim against Chevron for negligence or strict liability under Louisiana's tort laws as incorporated through the Outer Continental Shelf Lands Act ("OCSLA"). Toussaint attached the evidence in support of this claim to his opposition. Chevron then filed a reply arguing that even if an unpleaded theory of recovery is allowed, there is no evidence that Chevron breached any duty to Toussaint.

## DISCUSSION

The Court finds that the platform where Toussaint was working when he was injured is not a vessel for purposes of the Jones Act, the LHWCA, or general maritime law. Therefore,

Toussaint cannot recover as a matter of law under any of the specific theories that he pleads in the complaint. However, because this case arises in connection with a mineral production operation on the Outer Continental Shelf it falls within the scope of OCSLA. *See* 43 U.S.C. § 1349(b)(1). OCSLA in turn incorporates "applicable and not inconsistent" laws of the adjacent state. 43 U.S.C. § 1333. This Court may recognize claims that satisfy the requirements of OCSLA, even when OCSLA is not mentioned in the pleadings. *See Nase v. TECO Energy, Inc.*, 347 F. Supp. 2d 313, 317-18 (E.D. La. 2004) (citing *Tennessee Gas Pipeline v. Houston Casualty Ins., Co.*, 87 F.3d 150 (5th Cir. 1996)). In addition, this Court is authorized to allow a plaintiff to amend his complaint even up to the date of trial provided prejudice to the opposing party is mitigated. *See* Fed.R.Civ.P. 54(c). However, even if this Court allows Toussaint to amend his complaint to seek recovery under Louisiana law, he still cannot recover against the remaining defendants.

As a general rule, a principal is not liable for the negligent acts of an independent contractor under Louisiana law. *Graham v. Amoco Oil Company*, 21 F.3d 643, 645 (5th Cir, 1994). There is an exception to this general rule where the principal retains operational control over the independent contractor's

4

actions or impliedly authorizes those negligent actions. *Id.* The contract between Chevron and PSC explicitly provides that PSC is an independent contractor, and that Chevron "shall not control Contractor's performance, but [Chevron] shall have the general right to inspect the work and to make suggestions and comments." (Pl. Ex. E at 1 ¶ D.) Despite this, Plaintiff argues that Chevron's approval of the Job Safety Analysis indicates that Chevron exercised de facto control over PSC's operations and is therefore liable if PSC was negligent. However, the right to inspect or comment is insufficient to subject a principal to liability for a contractor's negligence. *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997). "In short, absent an express or implied order to the contractor to engage in an unsafe work practice leading to an injury, a principal ... cannot be liable under the operational control exception." *Id.*

The evidence before the Court contains no suggestion that Chevron expressly or impliedly ordered PSC or Toussaint to work under the conditions that caused Toussaint's injury. To the contrary, the evidence indicates that Chevron approved a Job Safety Analysis that specified that the ladder was to be used as a means of ingress and egress only, not as a work platform, and that it was to be secured. Under *Coulter,* Chevron's approval of

the JSA would likely not subject it to "operational control" liability even if the JSA had described the unsafe practices that actually occurred. Even less can Chevron be liable for its contractor's actions where the safety analysis that Chevron approved was not followed by the contractor. There is no indication in the record that Chevron personnel were present or were directing Toussaint's activities. To the contrary, the record evidence indicates that Chevron's personnel were asleep when Toussaint was injured. There is no indication in the record that the ladder was provided by Chevron or that it was defective. Toussaint fails to raise a genuine issue as to whether Chevron had operational control of PSC. Therefore, as a matter of law Toussaint cannot succeed in proving that Chevron is liable for his injuries. Accordingly,

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this the 11th day of August, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6